IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PEARSON CARTER,

                        Plaintiff,

v.                                                         Case No. 05-4140-RDR

ROY RISSKY, JERRY YOUNGER,
GARY MOULIN, WARREN SWANK,
and DENNIS LANE, in their individual
capacities.

                        Defendants.

_____

## AGREED PROTECTIVE ORDER

Now on this 31st day of October, 2006, this Order is entered pursuant to Fed. R. Civ. P. 26(c). Plaintiff appears by his attorney, Pantaleon Florez, Jr. Defendants Roy Rissky, Jerry Younger, Gary Moulin, Warren Swank and Dennis Lane, appear by their attorneys, Gelene Savage, Teresa L. Watson, and Michael K. Seck.

The Court, upon the joint motion (**doc. 35**) of plaintiff and defendants, and for good cause shown, approves and enters the following Agreed Protective Order:

      1.       Confidential Documents and Information. The parties have agreed that the following categories of documents, and the information contained in them, if produced or disclosed during the litigation, shall be treated as confidential and used only for purposes of this lawsuit:

            a.       Tax, payroll and financial records.

            b.       All documents or information from personnel records which are the type of information or documents exempt from disclosure under the Kansas Open Records Act.

2. Purpose of Order. The purpose of this Order is to prevent the disclosure of documents and information deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this lawsuit. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case may seek documents and information of a private or confidential nature from parties and nonparties, including, but not limited to, plaintiffs' tax, payroll and financial records, and personnel records of the parties. The privacy interests in such documents and information substantially outweigh the public's right of access to judicial records.

3. Definitions.

   a. "Document." As used in this Order, "document" shall mean any written, recorded, graphic, or other matter, whether produced, reproduced, or stored on paper, cards, tapes, discs, belts, charts, film, computer storage devices, or any other medium, and includes, but is not limited to, agreements, applications, calendars, charts, complaints, correspondence, diagrams, diaries, drafts, drawings, electronic mail, evaluations, files, graphs, interrogatory answers, journals, ledgers, letters, manuals, memoranda, minutes, notes, photographs, plans, proposals, records, reports, responses to requests for admissions, statements, stenographic recordings, studies, tape recordings, transcripts, and video recordings.

   b. "Confidential document." As used in this Order, "confidential document" means any document designated as confidential in the manner provided by paragraph 4 of this Order.

4. Designating Documents as Confidential. Any party to this action may designate as confidential a document produced after entry of this Order by conspicuously stamping or labeling the document with the word "Confidential." A document consisting of multiple documents or pages, such as a personnel file or report, may be designated as confidential in its entirety by stapling or binding the documents or pages together and stamping or labeling the cover or first document or page with the word "Confidential." Documents produced by either side shall not be treated as

-3-

confidential pursuant to this Order unless they are stamped or labeled in such a fashion, except as provided in this Order. The inadvertent failure to designate a document as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the document and the information in it shall be treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents relating to the subjects enumerated in paragraph 1 may be designated as confidential. Parties to this action may designate deposition testimony relating to the subjects enumerated in paragraph 1 as confidential by advising opposing counsel of record, in writing, within 20 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition that the party believes fall under paragraph 1. Alternatively, any party may, on the record at the deposition, designate deposition testimony as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

     5.     Disclosure of Confidential Documents or Information. Confidential documents and the information contained in them are to be treated as such by the party receiving them and shall be utilized by such party only for the prosecution or defense of this case. All confidential documents and the information contained in them shall be deemed subject to this Order unless otherwise ordered by the Court. Except as agreed by the parties or ordered by the Court, disclosure of such confidential documents and information is limited to:

     a.     Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court as well as jurors;

     b.     Counsel of record and other partners, associates and members of their respective firms;

      c.      Counsel's legal and clerical assistants and staff;

      d.      Any independent document reproduction services or document recording and retrieval services;

      e.      Any expert witness or outside consultant retained or consulted by any party, but only if such person needs such confidential documents or information;

      f.      Any other person of whom testimony is to be taken or is taken, but only in preparation for or during his or her testimony and only to the extent necessary for such preparation or testimony and for the subsequent review of said testimony;

      g.      Any mediator agreed to by the parties, but not appointed by the Court; and

      h.      Insurance carriers of the defendants and all agents, adjusters, officials, officers and managerial employees thereof; and

      i.      Any witness provided that counsel has a good faith belief that the witness needs to review the confidential document except that any such witness will not be given a copy of the confidential document.

6.      **Duties of Persons Disclosing Confidential Documents or Information.** Prior to disclosing confidential documents or the information contained in them to any person pursuant to Paragraphs 5(c), (d), (e), (f), (g), (h), or (i) the person making the disclosure shall: (1) apprise the person to whom disclosure is to be made of their confidential nature; (2) apprise that person that the Court, pursuant to this Order, has enjoined the use of such documents or the information contained in them by such person for any purpose other than the prosecution or defense of this case and has enjoined the disclosure of such documents and information to any person, except as provided in this Order; and (3) show or deliver to that person a copy of this Order, specifically informing him or her of the contents of paragraph 7 hereof.

7.      **Duties of Persons To Whom Confidential Documents or Information Are Disclosed.** Each person given access to confidential documents or the information contained in them pursuant to Paragraphs 5(b), (c), (d), (e), (f), (g), or (h), of this Order shall segregate such material, keep it

strictly secure, and refrain from disclosing it in any manner, and shall keep such documents and information confidential, except as provided by the express terms of this Order.

8. Any party desiring to file with the Court any pleading with confidential documents attached or which contains information derived from such documents shall first file an appropriate motion with the Court to permit the filing under seal pursuant to D. Kan. Rule 5.4.6. Upon the Court granting the motion, the party shall file such confidential materials under seal with the Clerk of the Court in an envelope marked as "Confidential -Subject to a Protective Order." Although entire transcripts containing confidential testimony shall be marked as "Confidential - Subject to a Protective Order" only such testimony as has been designated as confidential shall be subject to the protections of this Order. The Clerk of the Court is directed to maintain such documents under seal, to be made available only to the Court and counsel of record for the parties, as herein provided. No portion of the documents marked confidential and filed with this Court in this fashion shall otherwise be released except upon Court Order for good cause shown or upon the written authorization of the party(s) to whom said documents belong. If the motion to seal any of the designated confidential documents is denied, that party may file the documents of record without a seal.

9. Disputes Concerning Designation of Confidential Documents. In the event that any party to this action disagrees at any stage of the proceedings with the designation of documents as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party challenging the confidentiality of the information may apply for appropriate relief from this Court. Unless and until this Court enters such an order changing the confidential designation of the document, such document shall continue to be protected as provided for in this Order.

10. Use of Confidential Documents and Information. Unless otherwise ordered by the Court, the parties and their counsel have the right to use confidential documents and the information contained in them in the trial of this case. The parties and their counsel shall exercise reasonable care not to disclose confidential documents and the information contained in them by placing them in the public record in this case. In the event confidential documents or the information contained in them are used in any court proceeding in this case, including depositions, such documents or information shall not lose their confidential status, and the parties shall take all steps reasonably required to protect the confidentiality of the documents or information during such use.

11. Right to Object and Privileges Not Waived. The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order or the right to file a motion in limine regarding the use of any such document or the information contained in it. Further, the parties do not waive any legal right or privilege to object to the production of any document, including, but not limited to, any right or privilege under the work product doctrine or attorney-client privilege.

12. Binding Effect of This Order. This Order is binding upon the parties, all counsel for the parties, and all persons to whom disclosure of confidential documents and the information contained in them are limited pursuant to the terms of this Order.

13. Return of Confidential Documents. At the conclusion of this litigation, the parties' respective counsel shall, upon written request of the other party, return all confidential documents, including all copies of the same to the counsel of record of the party which produced that document, or in the alternative, certify that all copies of confidential documents have been shredded. The parties, however, retain the right to keep any confidential documents that were admitted as exhibits

in this case. Absent such request, at the conclusion of the litigation, all confidential documents and information derived from them shall be kept strictly confidential.

14. Nothing in this Order prevents a party from seeking additional protections with respect to the confidential documents and the information contained therein or from supplementing or modifying the terms of this Order.

IT IS SO ORDERED.

                                                s/ James P. O'Hara
                                                James P. O'Hara
                                                U.S. Magistrate Judge


-8-

SUBMITTED AND APPROVED BY:

s/Gelene Savage
Gelene Savage          #15491
Kansas Department of Transportation
Office of Chief Counsel
700 SW Harrison Street
Topeka, KS 66603-3754
(785) 296-3831/ (785) 296-0119 - Fax
E-mail: gelene@ksdot.org

Teresa L. Watson       #16654
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
P. O. Box 949
Topeka, KS  66601-0949
(785) 232-7761- (785) 232-6604-Fax
E-mail:          twatson@fisherpatterson.com


Michael K. Seck       #11393
FISHER, PATTERSON, SAYLER & SMITH, LLP
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS 66210
(913) 339-6757/(913) 336-6187 - Fax
E-mail: mseck@fisherpatterson.com

**ATTORNEYS FOR DEFENDANTS**

APPROVED BY:
s/ Pantaleon Florez, Jr.
Pantaleon Florez, Jr.  #10889
Attorney at Law
933 South Kansas Avenue
Topeka, KS 66612-1210
(785) 234-6699/(785) 234-6500 - Fax
E-mail: florezlaw@aol.com

**ATTORNEY FOR PLAINTIFF**